## Roberts' License

*Stephen I. Weiss*, for Commonwealth.

*John W. Dean, 3rd*, for defendant.

BECKERT, J., October 18, 1966.—In this case, Benjamin Roberts, defendant, waived a trial by jury before the writer and entered a plea of not guilty to the above indictment, charging him with violation of section 624(6), 75 PS §624(6) or section 1432(a), 75 PS §1432(a), of The Vehicle Code of April 29, 1959, P. L. 58, as amended. No testimony was offered by either side at the time of trial, as the Commonwealth and defendant agreed upon a set of stipulated facts and, further, agreed that from those facts there arose a pure question of law as to whether or not defendant was guilty as charged. The pertinent stipulated facts are as follows:

"1. The defendant, Benjamin Roberts, resides, and at all times material hereto resided, at 71 Durham Road, Penndel, Bucks County, Pennsylvania.

"2. During the year 1965, due to a prior suspension, the defendant had the obligation of maintaining financial responsibility insurance.

"3. On December 21, 1964, the defendant's then current operator's license expired, and he failed to obtain a new operator's license.

"4. On March 17, 1965, the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Traffic Safety, mailed a notice to the defendant at his address, advising him that his operating privileges and license would be suspended as of March 26, 1965 for failure to maintain proof of financial responsibility, which defendant had failed to do. At the time the defendant received this notice, he did not have a Pennsylvania operator's license as he never renewed the same when it expired on December 21, 1964.

"5. On August 8, 1965, the defendant was stopped by Detective Karl Alscher, of the Middletown Township Police Department, while operating a motor ve-

hicle at the intersection of the super highway and Hulmeville Road, Middletown Township, Bucks County, Pennsylvania. At that time no valid operator's license had been issued to the defendant, and his operating privileges had not been restored since the suspension of March 26, 1965.

"6. Also at that time, the Secretary of Revenue had never given the defendant a hearing for the purpose of determining whether or not his operating privileges would be suspended.

"7. As a result of the defendant's operating a motor vehicle on August 8, 1965, Detective Alscher, on August 9, 1965, filed a complaint before Justice of the Peace Dominick C. Spadaccino of Middletown Township, Bucks County, Pennsylvania, charging the defendant with violating section 1432 of The Vehicle Code, i. e., with operating a motor vehicle after suspension due to lack of financial responsibility.

"8. The defendant has pleaded not guilty to a bill of indictment in this matter charging the defendant with operating a motor vehicle after operating privileges had been suspended, both under the provisions of section 624 and under the provisions of section 1432 of The Vehicle Code".

We, therefore, have before us a novel and unique problem, the answer to which depends upon if there exists a distinction between "operator's licenses" and "operator's privileges".

Defendant contends that he is not guilty of violation of either section of the code, because the Secretary of Revenue did not have the power to suspend his operating privileges under section 1404 of The Vehicle Code, 75 PS §1404. The basis of defendant's argument is that because defendant did not have an operator's license for 1965, there was nothing the secretary could suspend. If we correctly understand defendant's theory, it is that the Secretary of Revenue has the power to sus-

pend an operator's license, but not the power to suspend defendant's privilege to apply for an operator's license under section 1404 of The Vehicle Code. With this contention, and for the reasons hereinafter set forth, we agree.

A consideration of The Vehicle Code in its entirety reveals that the legislature made a distinction throughout the code between the suspension of an operator's license and learner's permit on one hand and operating privileges on the other. Where the legislature intended the Act of Assembly to apply to the former, they made specific reference to the license or permit and, likewise, where the legislature intended The Vehicle Code to apply to operating privileges, they so stated. To illustrate, section 618(a) to (a)(1), 75 PS §618(a) to (a.1) inclusive, makes reference to the suspension of one's "operating privileges . . . without a hearing", whereas section 618(b) et seq. of the code, 75 PS §618(b), refers to the suspension of one's "operator's license or learner's permit . . . after a hearing". So, in this section of the code, the legislature has made a clear distinction between the suspension of operating privileges and the suspension of operator's license and learner's permits, requiring a hearing before the Secretary of Revenue or his representative in the latter instance, and no hearing in the former.

Further, section 619 of The Vehicle Code, 75 PS §619, specifically provides for the suspension of the privilege of a person to apply for "an operator's license or learner's permit, after a hearing before the secretary or his representative. . . ." Thus, it can be seen that the legislature has created a distinction between the suspension of one's operating privilege and one's operator's license and learner's permit.

Turning now to the instant case, in stipulated fact no. 5, we find that the Department of Revenue mailed a notice to defendant at his address, advising him that

his operating privilege and license would be suspended as of March 26, 1965, for failure to maintain proof of financial responsibility. At the time defendant received this notice, he did not have a Pennsylvania operator's license, as he never renewed the same when it expired on December 21, 1964.

The Department of Revenue, Bureau of Traffic Safety, had mailed the above notice to defendant on the authority of section 1404(b) of The Vehicle Code. A review of this section reveals that the secretary shall ". . . suspend the *license* of each operator and all *registrations* of each owner of a motor vehicle in any manner involved in such accident, and if such operator is a *nonresident*, the privilege of *operating* a motor vehicle within this State, and if such owner is a nonresident, the privilege of the use within this State of any motor vehicle owned by him, unless such operator or owner or both shall deposit security in the sum so determined by the secretary": 75 PS §1404(b) (Italics supplied.)

It is to be noted that the legislature makes a distinction in this section between the suspension of a license and the suspension of operating privileges, in that the suspension of operating privileges is made to apply specifically to *nonresident operators and owners,* while nothing is said in this section about the suspension of operating privileges of resident operators and owners, as was the present defendant.

Taking into account all the sections of The Vehicle Code and the use of the words "operating privileges" and "operator's license and learner's permits", as used therein, we are of the definite opinion that the alleged suspension by the Secretary of Revenue was invalid because defendant had no operator's license at the time which could be the subject of a suspension, and defendant being a resident of the Commonwealth (stipulated fact no. 1), his operating privilege could not be sus-

pended under the provisions of section 1404 of The Vehicle Code, as amended.

We, therefore, conclude that defendant could not be guilty of violating section 624(6) of The Vehicle Code, which section gives rise to a misdemeanor "To operate any motor vehicle . . . after the operating privilege is suspended . . . .", nor, under section 1432(a), which likewise gives rise to a misdemeanor if a person operates a motor vehicle, whose *license* or *registration* or nonresident's operating privilege has been suspended . . . ." (Italics supplied.)

We accordingly enter the following

ORDER

And now, October 18, 1966, for the reasons expressed herein, we find defendant, Benjamin Roberts, not guilty of the violations of section 624(b) or section 1432(a) of The Vehicle Code. We direct defendant to be discharged and place the costs of these proceedings on the County of Bucks.